Palmer *v.* Casperson et al.

ELIZA PALMER *vs.* JOHN CASPERSON, executor of John C. Palmer, deceased, and others.

1. An injunction will not lie by a widow to restrain commission of waste or other invasions of her rights upon land sold subject to her dower. She has adequate remedy at law.

2. Courts of equity exercise concurrent jurisdiction with courts of law in the assignment of dower. But they will not decide whether the widow is legally entitled to dower.

3. If the title to dower is disputed, the right must be established at law. For this purpose the court may, and ordinarily will, either direct an issue or retain the bill, with liberty to the complainant to bring an action at law.

4. But whether, under such circumstances, the bill will or will not be retained, is a matter resting in the sound discretion of the court.

This case came before the court upon a motion to dissolve the injunction, which issued upon the filing of the bill.

Palmer *v.* Casperson et al.

*Mr. Slape*, for the executor, in support of the motion.

Dower is a common law right. *Harrison* v. *Eldridge*, 2 *Halst. R.* 401; 2 *Daniell's Chan. Prac.* 1343; 4 *Kent's Com.* 72; *Swaine* v. *Perine*, 5 *Johns. Ch. R.* 488; *Rockwell* v. *Morgan*, 2 *Beas.* 384; *Hartshorne* v. *Hartshorne*, 1 *Green's Ch. R.* 349.

The widow has received $200 from the estate, under a mistaken claim of right, which she refuses to account for, notwithstanding the claims of creditors. Before she asks equity, she must do equity. *Nix. Dig.* 270, § 16; 273, § 35; 274, § 38.

She is barred of dower by receiving $200 as collateral satisfaction. *Jones* v. *Powell*, 6 *Johns. Ch. R.* 200.

If that is not a bar, she should pay back the $200. The executor wants her to have her dower.

He also cited *Nix. Dig.* 229, § 16; *Stark* v. *Hunton, Saxton* 224–7; *Dillon* v. *Parker*, 1 *Swanst.* 372; *Mitchell* v. *Smart*, 3 *Atk.* 607; *Stevenson* v. *Brown*, 3 *Green's Ch. R.* 503; *Glen* v. *Fisher*, 6 *Johns. Ch. R.* 35; *Blake* v. *Dunbury*, 1 *Vesey* 523; 4 *Kent's Com.* 57, notes and cases cited; *Gowen et al., appellants*, 32 *Maine* 516; *Dundas* v. *Hitchcock*, 12 *Howard* 256; *Light* v. *Light*, 9 *Harris* 407.

*Mr. S. A. Allen*, for complainant, contra.

The executor set off $200. It was his own act—a gift. As to that, the testator died intestate. *Hartshorne* v. *Hartshorne*, 1 *Green's Ch. R.* 355.

Waste should be prevented. Dower should be assigned by the court.

THE CHANCELLOR. The bill is filed by the complainant as the widow of John C. Palmer, deceased, for the recovery of dower in the real estate whereof her husband died seized; for an injunction to restrain the conveyance of the said real estate, sold by virtue of an order of the Orphans Court of the county of Salem, for the payment of the debts of the hus-

band; and also for an injunction against the purchasers, to restrain them from interfering with her rights.

So far as regards the injunction, it is clear that a sale by virtue of an order of the Orphans Court; cannot affect the widow's right of dower, if any she have. The sale is made subject to that right. The conveyance from the executor, by the terms of the act, vests in the purchaser only the estate of which the husband was seized at the time of his death. *Nix.* *Dig.* 764, § 17.

The charge of the bill that the lands were offered for sale clear of the encumbrance of the dower, if true in point of fact, could not affect the validity of the widow's claim for dower, nor her right to enforce it against the purchaser. But if the charge be at all material, its truth is fully denied by the answer. Nor is there any necessity for continuing the injunction against the purchasers, to restrain them from the commission of waste or other invasion of the complainant's rights. If any attempt should be made by the purchasers to trespass upon the property of the complainant, or to disturb her in the enjoyment of it, she has adequate remedy at law. There is no ground for the continuance of the injunction.

It is well settled that courts of equity exercise a concurrent jurisdiction with courts of law in the assignment of dower. 1 *Story's* *Eq.* *Jur.*, § 624; 4 *Kent's* *Com.* 71; *Hartshorne* v. *Hartshorne*, 1 *Green's* *Ch.* *R.* 349; *Swaine* v. *Perine*, 5 *Johns.* *Ch.* *R.* 488. In many cases the exercise of the jurisdiction is absolutely essential to the ends of justice. Full and adequate remedy cannot be had at law. 1 *Story's* *Eq.* *Jur.*, § 632.

But a court of equity will not try a question of legal title, nor decide whether the widow is legally entitled to dower. If the title to dower is disputed, the right must be established at law. For this purpose the court may, and ordinarily will, either direct an issue or retain the bill, with liberty to the complainant to bring an action at law. *Mitford's* *Plead.*, by *Jeremy*, 121; 4 *Kent's* *Com.* 71; *Rockwell* v. *Morgan*, 2 *Beas.* 384. But whether a court of equity will or

will not, under such circumstances, retain the bill, is a matter resting in the sound discretion of the court. I see nothing in this case, since the right to an injunction has been disposed of, calling for or justifying the interference of this court. Dower is strictly a common law right, and is properly cognizable in courts of common law. *Harrison* v. *Eldridge,* 2 *Halst. R.* 400.

Full and adequate redress may be had either in the courts of common law, or by application to the Orphans Court. The legal title to dower is in controversy, and must be settled at law. The estate is of very small value, and must be greatly diminished, if not entirely consumed, to the prejudice alike of the widow and of the creditors of the deceased, by a controversy both at law and in equity. And although the principle is of universal application, that the widow's claim for dower is regarded with favor, nevertheless if she come into this court asking equity, she should be willing to do equity. The undisputed fact that she has already received from the estate of her husband, under a mistaken claim of right, a considerable amount of personal property for which she refuses to account, deprives her of all claim to be regarded with peculiar favor in the enforcement of her legal rights. I think the ends of justice will not be promoted by retaining the case in this court.

The injunction is dissolved, and the bill dismissed with costs, without prejudice to the legal rights of the complainant.